# CLARK HILL

Jonathan D. Klein
Senior Attorney
T  215.640.8535
F  609.785.2999
Email:  JKlein@ClarkHill.com

Clark Hill PLC
One Commerce Square
2005 Market St, Suite 1000
Philadelphia, PA 19103

clarkhill.com

June 1, 2018

**VIA ECF AND U.S. MAIL**

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Shabbir Choudhury v. Citibank N.A. et al.*
             Civil Docket #: 1:18-cv-02188-RJD-ST

Honorable Judge Dearie:

    Pursuant to Section III. A. of this Court's Individual Motion Practices, Defendant Equifax requests that this Court schedule a telephonic pre-motion conference regarding Equifax's intent to file a Motion for Judgment on the Pleadings ("Motion") regarding the claims brought by Plaintiff Shabbir Choudhury against Equifax.

**FACTUAL ALLEGATIONS**

    In 2016, Mr. Choudhury filed a TCPA lawsuit against Citibank N.A. ("Citibank") (Doc. 1-2 at ¶ 12.) He claims that when he settled the case, the Citibank account was supposed to be removed from his credit files with the consumer reporting agencies ("CRAs"). Mr. Choudhury makes the following allegation regarding the account:

> Regardless of whether the settlement agreement between Plaintiff and Defendant Citibank included explicit language regarding Citibank informing the credit reporting agencies of the trade line deletion and/or removal, clearly Plaintiff stipulated to this deletion and/or removal in order for it not to negatively impact his credit rating; furthermore, not only did Citibank not inform the Defendant CRAs of the expunging, but they even more egregiously provided inaccurate information about said trade line to the CRAs when they contacted Citibank during the investigations

Honorable Raymond J. Dearie
Page 2

(Doc. 1-2 at ¶ 30). The Verified Complaint, therefore, contains an admission that there was no "explicit" agreement between Mr. Choudhury and Citibank to remove the accounts and that Citibank did not instruct the CRAs to remove and/or delete the negative trade line.

**PLAINTIFF'S CLAIMS**

Based on these facts and despite the admission that Citibank did not instruct Equifax to remove the account, Mr. Choudhury seeks compensatory and punitive damages from Equifax for alleged negligent and willful noncompliance with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. More specifically, Mr. Choudhury alleges that Equifax violated the FCRA by:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b);

b. failing to conspicuously post on its Internet website the availability of the FCRA summary of the rights of consumer, as required by 15 U.S.C. §1681g(c)(l)(C)(ii);

c. failing to comply with the requirements of 15 U.S.C. §1681i; and

d. failing to offer assistance to the consumer to write a clear summary of the dispute, as required by 15 U.S.C. §1681i(b).

(Doc. 1-2 at 9). As set forth below, Equifax denies these claims and the court should grant judgment on the pleadings in Equifax's favor dismissing Mr. Choudhry's claims pursuant to Federal Rule of Civil Procedure 12(c).

**BASES FOR MOTION TO DISMISS**

**FCRA § 1681e(b)**

To prevail on a claim under § 1681e(b), Mr. Choudhury must prove that (1) Equifax was negligent in that it failed to follow reasonable procedures to assure the accuracy of any consumer reports it produced; (2) Equifax in fact produced consumer reports containing inaccurate information about Mr. Choudhury; (3) Mr. Choudhury was injured; and (4) Equifax's alleged FCRA violations proximately caused Mr. Choudhury's injury. *See, e.g.*, *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994). Mr. Choudhry's § 1681e(b) claims fails for two reasons. *First*, absent reason to doubt the reliability of a reputable source, a CRA acts reasonably by relying upon such sources of information. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995) (holding that reliance on information from a financial institution is reasonable unless there was prior notice from the consumer that the information may be inaccurate). Plaintiff does not allege that Citibank was not a reliable source of information. *Second*, the Verified Complaint fails to plead the essential element that Equifax furnished a consumer report about him to an identifiable third party for the purpose of establishing his eligibility for credit, employment, insurance, or the like.

Honorable Raymond J. Dearie
Page 3

**FCRA § 1681g(c)(l)(C)(ii):**

Section 1681g(c)(l)(C)(ii) governs the obligation to post a summary of a consumer's rights under the FCRA, and it states:

> The *Commission* shall—
>
> * * *
>
> **(ii)** conspicuously post on its Internet website the availability of such summary of rights; and

15 U.S.C. § 1681g(c)(l)(C) (emphasis added). The FCRA defines the term "Commission" ("" Commission" means the "Bureau"), 15 U.S.C. § 1681a(v), and "Bureau" ("Bureau" means the "Bureau of Consumer Financial Protection"), 15 U.S.C. § 1681a(w). Thus, as explicitly stated by the FCRA, the obligation to "post on its Internet website the availability of such summary of rights" falls on the Bureau of Consumer Financial Protection, not Equifax. Accordingly, Mr. Choudhury cannot state a claim against Equifax for violating § 1681g(c)(l)(C)(ii).

**FCRA § 1681i(a)**

To prevail on a claim under § 1681i(a), Mr. Choudhury must prove that: (1) his credit file contained inaccurate information; (2) he disputed the inaccurate information with Equifax; (3) Equifax failed to conduct a reasonable reinvestigation; (4) he incurred damages; and (5) the damages were caused by the alleged FCRA violation. *See*, *e.g.*, *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011); *Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002). Mr. Choudhury's § 1681i claim fails because Equifax is not required to determine the merits of Mr. Choudhury's claims against Citibank. The legal relationship between Mr. Choudhury and Citibank is governed solely by the agreement between them, and the terms of that agreement appear to be in doubt. (Doc. 1-2 ¶¶ 12, 16, 30). Federal courts consistently hold that the FCRA does not impose a duty on credit reporting agencies to verify the validity of the underlying debt when conducting reinvestigations. *DeAndrade v. Trans Union, LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008); *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010).

**FCRA § 1681i(b)**

Mr. Chouldhury's allegations lack sufficient factual content to state a plausible claim. (Doc. 1-2 at 9-10). He fails to allege any facts concerning when or how Equifax failed to offer assistance to him to write a clear summary of his dispute or how he was allegedly damaged. (*Id.*). Accordingly, his claim should be dismissed. *See Bogle v. Melamed*, No. 09 CV 1017 RJD LB, 2012 WL 1117411, at *2 (E.D.N.Y. Mar. 30, 2012); *Casella*, 56 F.3d at 474 (credit reporting agency need not include a statement of dispute in a consumer's report until the consumer provides one).

Based on the foregoing, Equifax respectfully requests that the Court schedule a pre-motion conference by telephone regarding Equifax's intent to file a Motion for Judgment on the Pleadings.

Honorable Raymond J. Dearie
Page 4

        Respectfully yours,

        Jonathan Daniel Klein
        *Attorney for Equifax Information Services LLC*


cc:    Subhan Tariq, Counsel for Plaintiff (via ECF)
        Barry Jay Glickman, Counsel for Citibank N.A. (via ECF)
        Michael Amar-Dolan, Counsel for Experian Information Solutions, Inc. (via ECF)
        Camille Renee Nicodemus, Counsel for Trans Union, LLC (via ECF)