**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHABBIR CHOUDHURY,

                              Plaintiff,

        v.

CITIBANK N.A.; EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS UNION, LLC,

                              Defendants.

Case No. 1:18-cv-02188-RJD-ST

**EXPERIAN INFORMATION SOLUTIONS, INC.'s**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its

undersigned counsel, responds as follows to the allegations in the Verified Complaint

("Complaint") filed by Plaintiff Shabbir Choudhury ("Plaintiff"):

1.      Experian admits, upon information and belief, that Plaintiff is an adult residing in

Queens, New York.

2.      Experian lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 2 of the Complaint and, on that basis, denies those allegations.

3.      Experian admits that it is a "consumer reporting agency" within the meaning of

15 U.S.C. § 1681a(f).  Experian lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 3 of the Complaint that relate to entities other than

Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations

in Paragraph 3.

4.      Experian admits that it is involved in the "practice of assembling or evaluating

consumer credit information or other information on consumers for the purpose of furnishing

consumer reports to third parties" within the meaning of 15 U.S.C. § 1681a(f).  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations in Paragraph 4.

5.      Experian admits, upon information and belief, that Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

6.      Experian states that Paragraph 6 of the Complaint contains a legal characterization of the purported purpose of the Fair Credit Reporting Act ("FCRA") that is not subject to admission or denial.  To the extent a response is required, Experian states that the FCRA speaks for itself and denies any allegations in Paragraph 6 inconsistent therewith. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations in Paragraph 6.

7.      Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations in Paragraph 7.

8.      Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations in Paragraph 8.

9.      Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies those allegations.

10.     Experian states that the allegations in Paragraph 10 of the Complaint are vague, and, on that basis, denies those allegations.

11.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies those allegations.

13.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies those allegations.

14.     Experian affirmatively states that it received correspondence related to Plaintiff dated May 16, 2017.  Experian states that the correspondence speaks for itself and denies the allegations in Paragraph 14 of the Complaint to the extent they are inconsistent therewith. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations in Paragraph 14.

15.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian states that the remaining allegations in Paragraph 15 are vague, and, on that basis, denies those allegations.

16.     Experian affirmatively states that it received correspondence related to Plaintiff dated October 11, 2017.  Experian states that the correspondence speaks for itself and denies the allegations in Paragraph 16 of the Complaint to the extent they are inconsistent therewith. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations in Paragraph 16.

17.     Experian states that it provided Plaintiff with a disclosure dated November 6,

2017.  Experian states that that disclosure speaks for itself and denies the allegations in Paragraph 17 of the Complaint to the extent they are inconsistent therewith.  Experian denies all remaining allegations in Paragraph 17.

18.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies those allegations.

19.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies those allegations.

20.    Experian states that the allegations in Paragraph 20 of the Complaint are vague, and, on that basis, denies those allegations.

21.    Experian states that the allegations in Paragraph 21 of the Complaint are vague, and, on that basis, denies those allegations.

22.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies those allegations.

23.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies those allegations.

24.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies those allegations.

25.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies those allegations.

27.    Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies those allegations.

28.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies those allegations.

29.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies those allegations.

30.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies those allegations.

31.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies those allegations.

32.     Experian states that Paragraph 32 of the Complaint contains legal conclusions and interpretations of cases that are not subject to admission or denial.  To the extent a response is required, Experian states that the cases cited in Paragraph 32 speak for themselves and denies any allegations in Paragraph 32 inconsistent therewith.

33.     Experian states that Paragraph 33 of the Complaint contains legal conclusions and interpretations of a case that are not subject to admission or denial.  To the extent a response is required, Experian states that the case cited in Paragraph 33 speaks for itself and denies any allegations in Paragraph 33 inconsistent therewith.

34.     Experian states that Paragraph 34 of the Complaint contains legal conclusions and interpretations of cases that are not subject to admission or denial.  To the extent a response is required, Experian states that the cases cited in Paragraph 34 speak for themselves and denies any allegations in Paragraph 34 inconsistent therewith.

35.     Experian states that Paragraph 35 of the Complaint contains legal conclusions and interpretations of cases that are not subject to admission or denial.  To the extent a response is required, Experian states that the cases cited in Paragraph 35 speak for themselves and denies

any allegations in Paragraph 35 inconsistent therewith.

36.     Experian states that Paragraph 36 of the Complaint contains legal conclusions and interpretations of a case that are not subject to admission or denial.  To the extent a response is required, Experian states that the case cited in Paragraph 36 speaks for itself and denies any allegations in Paragraph 36 inconsistent therewith.

37.     Experian states that Paragraph 37 of the Complaint contains legal conclusions and interpretations of a case that are not subject to admission or denial.  To the extent a response is required, Experian states that the case cited in Paragraph 37 speaks for itself and denies any allegations in Paragraph 37 inconsistent therewith.

38.     Experian states that Paragraph 38 of the Complaint contains legal conclusions and interpretations of cases that are not subject to admission or denial.  To the extent a response is required, Experian states that the cases cited in Paragraph 38 speak for themselves and denies any allegations in Paragraph 38 inconsistent therewith.

39.     Experian states that Paragraph 39 of the Complaint contains legal conclusions and interpretations of cases that are not subject to admission or denial.  To the extent a response is required, Experian states that the cases cited in Paragraph 39 speak for themselves and denies any allegations in Paragraph 39 inconsistent therewith.

## FIRST CLAIM FOR RELIEF

40.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 39 of the Complaint.  To the extent not already answered, Experian denies the allegations in Paragraph 40 of the Complaint.

41.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, denies those allegations.

42.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, on that basis, denies those allegations.

43.     Experian admits that the Complaint purports to request attorney's fees.  Experian denies that Plaintiff is entitled to attorney's fees from Experian.

## SECOND CLAIM FOR RELIEF

44.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 43 of the Complaint.  To the extent not already answered, Experian denies the allegations in Paragraph 44 of the Complaint.

45.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, on that basis, denies those allegations.

46.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, denies those allegations.

47.     Experian admits that the Complaint purports to request attorney's fees.  Experian denies that Plaintiff is entitled to attorney's fees from Experian.

## THIRD CLAIM FOR RELIEF

48.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 47 of the Complaint.  To the extent not already answered, Experian denies the allegations in Paragraph 48 of the Complaint.

49.     Experian denies the allegations in Paragraph 49 of the Complaint.

50.     Experian denies the allegations in Paragraph 50 of the Complaint.

51.     Experian admits that the Complaint purports to request attorney's fees.  Experian denies that Plaintiff is entitled to attorney's fees from Experian.

## FOURTH CLAIM FOR RELIEF

52.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 51 of the Complaint.  To the extent not already answered, Experian denies the allegations in Paragraph 52 of the Complaint.

53.     Experian denies the allegations in Paragraph 53 of the Complaint.

54.     Experian denies the allegations in Paragraph 54 of the Complaint.

55.     Experian admits that the Complaint purports to request attorney's fees.  Experian denies that Plaintiff is entitled to attorney's fees from Experian.

## FIFTH CLAIM FOR RELIEF

56.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 55 of the Complaint.  To the extent not already answered, Experian denies the allegations in Paragraph 56 of the Complaint.

57.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, on that basis, denies those allegations.

58.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, on that basis, denies those allegations.

59.     Experian admits that the Complaint purports to request attorney's fees.  Experian denies that Plaintiff is entitled to attorney's fees from Experian.

## SIXTH CLAIM FOR RELIEF

60.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 59 of the Complaint.  To the extent not already answered, Experian denies the allegations in Paragraph 60 of the Complaint.

61.     Experian lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 61 of the Complaint and, on that basis, denies those allegations.

62. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and, on that basis, denies those allegations.

63. Experian admits that the Complaint purports to request attorney's fees. Experian denies that Plaintiff is entitled to attorney's fees from Experian.

### SEVENTH CLAIM FOR RELIEF

64. Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 63 of the Complaint. To the extent not already answered, Experian denies the allegations in Paragraph 64 of the Complaint.

65. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and, on that basis, denies those allegations.

66. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, on that basis, denies those allegations.

67. Experian admits that the Complaint purports to request attorney's fees. Experian denies that Plaintiff is entitled to attorney's fees from Experian.

### EIGHTH CLAIM FOR RELIEF

68. Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 67 of the Complaint. To the extent not already answered, Experian denies the allegations in Paragraph 68 of the Complaint.

69. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and, on that basis, denies those allegations.

70. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and, on that basis, denies those allegations.

71.     Experian admits that the Complaint purports to request attorney's fees.  Experian denies that Plaintiff is entitled to attorney's fees from Experian.

**NINTH CLAIM FOR RELIEF**

72.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 71 of the Complaint.  To the extent not already answered, Experian denies the allegations in Paragraph 72 of the Complaint.

73.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, on that basis, denies those allegations.

74.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and, on that basis, denies those allegations.

75.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and, on that basis, denies those allegations.

76.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, on that basis, denies those allegations.

77.     Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and, on that basis, denies those allegations.

**ANSWER TO PRAYER FOR RELIEF**

Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the Prayer for Relief that relate to entities other than Experian, and, on that basis, denies those allegations.  Experian denies all remaining allegations in the Prayer for Relief. Experian denies that Plaintiff is entitled to the relief sought from Experian.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Complaint, Experian hereby asserts the following

affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Experian.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of qualified immunity under 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the alleged damages, the existence of which Experian continues to deny.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged damages sustained

by Plaintiff were caused, at least in part, by the actions of Plaintiff and/or third parties and resulted from Plaintiff's and/or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by estoppel, because any alleged damages sustained by Plaintiff were the direct and proximate result of Plaintiff's conduct.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged damages sustained by Plaintiff were not caused by Experian, but by an independent intervening cause.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because this Court is not the proper Venue for this dispute pursuant to 28 U.S.C. § 1391.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing under

Article III of the United States Constitution.

* * *

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.  Experian reserves its right to amend this Answer to assert those defenses.

* * *

To the extent that any allegation in the Complaint has been neither admitted nor denied, it is hereby expressly denied.

* * *

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 20, 2018

Respectfully submitted,

*/s/ Jeremy M. Amar-Dolan*
Jeremy M. Amar-Dolan
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-8305
Facsimile: (212) 755-7306
Email: jamardolan@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2018, I caused the foregoing EXPERIAN INFORMATION

SOLUTIONS, INC.'s ANSWER AND AFFIRMATIVE DEFENSES to be filed with the Clerk

of Court and served upon all counsel of record via the CM/ECF system.


*/s/ Jeremy M. Amar-Dolan*
Jeremy M. Amar-Dolan