# CLARK HILL

Jonathan D. Klein
Senior Attorney
T  215.640.8535
F  609.785.2999
Email:  JKlein@ClarkHill.com

Clark Hill PLC
One Commerce Square
2005 Market St, Suite 1000
Philadelphia, PA 19103

clarkhill.com

July 6, 2018

**VIA ECF AND U.S. MAIL**

Re:  *Shabbir Choudhury v. Citibank N.A. et al.*
      Civil Docket #: 1:18-cv-02188-RJD-ST

Counsel:

On behalf of Defendant Equifax Information Services LLC, I have enclosed a copy of two pleadings in the above captioned matter:

1. Defendant Equifax Information Services LLC's Memorandum Of Law In Support Of Its Motion For Judgment On The Pleadings; and

2. Notice Of Motion For Judgment On The Pleadings By Defendants Equifax Information Services LLC

Respectfully yours,

Jonathan Daniel Klein
*Attorney for Equifax Information Services LLC*

cc:  Subhan Tariq, Counsel for Plaintiff (via ECF)
     Barry Jay Glickman, Counsel for Citibank N.A. (via ECF)
     Michael Amar-Dolan, Counsel for Experian Information Solutions, Inc. (via ECF)
     Camille Renee Nicodemus, Counsel for Trans Union, LLC (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHABBIR CHOUDHURY,

          Plaintiffs,

v.

CITIBANK, N.A., et al.,

          Defendants.

Case no: 1:18-cv-02188-RJD-ST

PLEASE TAKE NOTICE that, upon the Memorandum of Law of Equifax Information Services LLC ("Equifax") in Support of its Motion for Judgment on the Pleadings, the undersigned will move this Court before the Honorable Raymond J. Dearie, United States District Judge at the United States Courthouse located at 225 Cadman Plaza East, Brooklyn, NY 11201, on a date and at a time to be designated by the court, for an Order pursuant to Federal Rules of Civil Procedure 12(c) granting Equifax's motion judgment on the pleadings to dismiss with prejudice all claims directed against it by Plaintiff Shabbir Choudhury, in the Complaint.

As set forth more fully in its Memorandum of Law, Equifax moves to dismiss all claims asserted against it in the Complaint as follows:

(1) First Claim for Relief for alleged negligent violations of §§ 1681e(b), 1681g(c)(1)(C)(i), 1681i, 1681i(b) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, should be dismissed because Plaintiff fails to state a claim upon which relief can be granted; and

(2) Second Claim for Relief for alleged willful violations of §§ 1681e(b), 1681g(c)(1)(C)(i), 1681i, 1681i(b) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, should be dismissed because Plaintiff fails to state a claim upon which relief can be granted.

2

As determined by the Court, Plaintiffs shall file any opposition to this motion by July 16, 2018, Equifax shall file any reply by July 24, 2018, and oral argument will be held on a date and at a time to be designated by the court.

Respectfully submitted this 6th day of July, 2018.

*/s/ Jonathan D. Klein*
Jonathan D. Klein
CLARK HILL PLC
830 Third Avenue
Suite 200
New York, NY 10022
Tel. (646) 395-8580

One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel. (215) 640-8500
Email: jklein@clarkhill.com
*Counsel for Defendant Equifax Information Services LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHABBIR CHOUDHURY,

           Plaintiffs,

v.

CITIBANK, N.A., et al.,

           Defendants.

---

Case no: 1:18-cv-02188-RJD-ST

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF <u>LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS</u>

 

Jonathan D. Klein
CLARK HILL PLC
830 Third Avenue
Suite 200
New York, NY 10022
Tel. (646) 395-8580

One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel. (215) 640-8500
Email: jklein@clarkhill.com
*Counsel for Defendant Equifax Information Services LLC*

# **TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................................5

**STANDARD OF REVIEW** ..................................................................................................6

**ARGUMENT**..........................................................................................................................7

      **I.**     **Mr. Choudhury's Claim Under § 1681e(b) of the FCRA Should Be Dismissed.** ..................................................................................................7

      **II.**    **Mr. Choudhury's Claim Under § 1681g(c) of the FCRA Should Be Dismissed.** ..................................................................................................7

      **III.**   **Mr. Choudhury's Claim Under § 1681i(a) of the FCRA Should Be Dismissed.** ..................................................................................................8

      **IV.**   **Mr. Choudhury's Claim Under § 1681i(b) of the FCRA Should Be Dismissed.** ..................................................................................................9

**CONCLUSION** .....................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................7

*Bank of N.Y. v. First Millennium, Inc.*,
    607 F.3d 905 (2d Cir. 2010)..................................................................................................6, 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................................6, 7

*Bogle v. Melamed*,
    No. 09 CV 1017 RJD LB, 2012 WL 1117411 (E.D.N.Y. Mar. 30, 2012) ...............................9

*Carvalho v. Equifax Information Services, LLC*,
    629 F.3d 876 (9th Cir. 2010) ....................................................................................................8

*Casella v. Equifax Credit Info. Servs.*,
    56 F.3d 469 (2d Cir. 1995).....................................................................................................7, 9

*Cleveland v. Caplaw Enters.*,
    448 F.3d 518 (2d Cir. 2006).....................................................................................................6

*DeAndrade v. Trans Union, LLC*,
    523 F.3d 61 (1st Cir. 2008) ......................................................................................................8

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009).......................................................................................................6

*Lazarre v. JPMorgan Chase Bank, N.A.*,
    780 F. Supp. 2d 1330 (S.D. Fla. 2011) ....................................................................................8

*Thomas v. Trans Union, LLC.*,
    197 F. Supp. 2d 1233 (D. Or. 2002) ........................................................................................8

*Whelan v. Trans Union Credit Reporting Agency*,
    862 F. Supp. 824 (E.D.N.Y. 1994) ..........................................................................................7

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ....................................................... *passim*

15 U.S.C. § 1681a(v) ......................................................................................................................8

15 U.S.C. §1681e(b) ...................................................................................................5, 7

15 U.S.C. §1681g(c)(l)(C)(ii) ..................................................................................5, 7, 8

15 U.S.C. §1681i...........................................................................................................5, 8

15 U.S.C. §1681i(1) .........................................................................................................8

15 U.S.C. §1681i(b) .....................................................................................................5, 9

**Other Authorities**

Federal Rule of Civil Procedure 12(c) ..................................................................5, 6, 9

Federal Rule of Civil Procedure 12(b)(6) .......................................................................6

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, pursuant to Federal Rule of Civil Procedure 12(c), moves the Court to grant judgment on the pleadings and dismiss Plaintiff Shabbir Choudhury's Verified Complaint (Doc. 1-2) with prejudice. Equifax submits the following Memorandum of Law and would show the Court as follows:

## INTRODUCTION

This is a case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. On or about April 3, 2018, *pro se* Plaintiff Shabbir Choudhury filed his Verified Complaint ("Complaint") against Equifax. (Doc. 1-2). In his Complaint, Mr. Choudhury alleges that in 2016 he filed a Telephone Consumer Protection Act ("TCPA") lawsuit against Citibank N.A. ("Citibank") (*Id.* ¶ 12.) He claims that when he settled the case, the Citibank account was supposed to be removed from his credit files with the consumer reporting agencies ("CRAs"). Mr. Choudhury makes the following allegation regarding the account:

> Regardless of whether the settlement agreement between Plaintiff and Defendant Citibank included explicit language regarding Citibank informing the credit reporting agencies of the trade line deletion and/or removal, clearly Plaintiff stipulated to this deletion and/or removal in order for it not to negatively impact his credit rating; furthermore, not only did Citibank not inform the Defendant CRAs of the expunging, but they even more egregiously provided inaccurate information about said trade line to the CRAs when they contacted Citibank during the investigations.

(*Id.* ¶ 30). The Verified Complaint, therefore, contains an admission that there was no "explicit" agreement between Mr. Choudhury and Citibank to remove the accounts and that Citibank did not instruct the CRAs to remove and/or delete the negative trade line.

Based on these facts and despite the admission that Citibank did not instruct Equifax to remove the account, Mr. Choudhury alleges that Equifax negligently (First Claim For Relief, *id.* ¶¶ 40-43) and willfully (Second Claim for Relief, *id.* ¶¶ 44-47) violated the FCRA. More specifically, Mr. Choudhury alleges that Equifax:

5

    a.    failed to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b);

    b.    failed to conspicuously post on its Internet website the availability of the FCRA summary of the rights of consumer, as required by 15 U.S.C. §1681g(c)(l)(C)(ii);

    c.    failed to comply with the requirements of 15 U.S.C. §1681i; and

    d.    failed to offer assistance to the consumer to write a clear summary of the dispute, as required by 15 U.S.C. §1681i(b).

(Doc. 1-2 ¶¶ 41, 45). As set forth below, Equifax denies these claims and the court should grant judgment on the pleadings in Equifax's favor dismissing Mr. Choudhry's claims pursuant to Federal Rule of Civil Procedure 12(c).

## STANDARD OF REVIEW

Equifax moves for dismissal under Rule 12(c) of the Federal Rules of Civil Procedure. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion for judgment on the pleadings, the Court applies the familiar standard of review for Rule 12(b)(6) motions. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006). The Court assumes the truth of the factual allegations asserted in the complaint and draws all reasonable inferences in favor of the plaintiff. *See Harris v. Mills,* 572 F.3d 66, 71 (2d Cir. 2009).

"To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bank of N.Y. v. First Millennium, Inc.,* 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks omitted). Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must be factually suggestive, so as to "raise a right to relief above the

speculative level" and into the "realm of plausible liability." *Id.* at 555, 557 n.5. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

**I.    Mr. Choudhury's Claim Under § 1681e(b) of the FCRA Should Be Dismissed.**

To prevail on a claim under § 1681e(b), Mr. Choudhury must prove that (1) Equifax was negligent in that it failed to follow reasonable procedures to assure the accuracy of any consumer reports it produced; (2) Equifax in fact produced consumer reports containing inaccurate information about Mr. Choudhury; (3) Mr. Choudhury was injured; and (4) Equifax's alleged FCRA violations proximately caused Mr. Choudhury's injury. *See, e.g.*, *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994). Mr. Choudhry's § 1681e(b) claims fails for two reasons. *First*, absent reason to doubt the reliability of a reputable source, a CRA acts reasonably by relying upon such sources of information. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995) (holding that reliance on information from a financial institution is reasonable unless there was prior notice from the consumer that the information may be inaccurate). Plaintiff does not allege that Citibank was not a reliable source of information. *Second*, the Verified Complaint fails to plead the essential element that Equifax furnished a consumer report about him to an identifiable third party for the purpose of establishing his eligibility for credit, employment, insurance, or the like. *See Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 251 (S.D.N.Y. 2008), aff'd, 360 F. App'x 255 (2d Cir. 2010) (citing *Johnson v. Equifax, Inc.,* 510 F. Supp. 2d 638, 647 (S.D. Ala. 2007) (plaintiff "proffered no evidence that ... Regions [Bank] relied on a Trans Union report to deny her a loan). Accordingly, Equifax is entitled to dismissal of Mr. Choudhury's claim under § 1681e(b) of the FCRA.

7

## II. Mr. Choudhury's Claim Under § 1681g(c) of the FCRA Should Be Dismissed.

Section 1681g(c)(l)(C)(ii) governs the obligation to post a summary of a consumer's rights under the FCRA, and it states:

> The *Commission* shall—
>
> * * *
>
> **(ii)** conspicuously post on its Internet website the availability of such summary of rights; and

15 U.S.C. § 1681g(c)(l)(C) (emphasis added). The FCRA defines the term "Commission" (""Commission" means the "Bureau"), 15 U.S.C. § 1681a(v), and "Bureau" ("Bureau" means the "Bureau of Consumer Financial Protection"), 15 U.S.C. § 1681a(w). Thus, as explicitly stated by the FCRA, the obligation to "post on its Internet website the availability of such summary of rights" falls on the Bureau of Consumer Financial Protection, not Equifax. Accordingly, Mr. Choudhury cannot state a claim against Equifax for violating § 1681g(c)(l)(C)(ii).

## III. Mr. Choudhury's Claim Under § 1681i(a) of the FCRA Should Be Dismissed.

To prevail on a claim under § 1681i(a), Mr. Choudhury must prove that: (1) his credit file contained inaccurate information; (2) he disputed the inaccurate information with Equifax; (3) Equifax failed to conduct a reasonable reinvestigation; (4) he incurred damages; and (5) the damages were caused by the alleged FCRA violation. *See*, *e.g.*, *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011); *Thomas v. Trans Union, LLC.*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002). Mr. Choudhury's § 1681i claim fails because Equifax is not required to determine the merits of Mr. Choudhury's claims against Citibank. The legal relationship between Mr. Choudhury and Citibank is governed solely by the agreement between them, and the terms of that agreement appear to be in doubt. (Doc. 1-2 ¶¶ 12, 16, 30). Federal courts consistently hold that the FCRA does not impose a duty on credit reporting agencies to verify the validity of the underlying debt when conducting reinvestigations. *DeAndrade v. Trans*

8

*Union, LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008); *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010). The CRAs are not in a position to resolve disputes between creditors and consumers. Courts consistently hold that consumers are not be permitted to use lawsuits against CRAs to collaterally attack their creditors, which is precisely what Plaintiff is attempting to do here. For this reason, Plaintiff cannot establish inaccuracy, and his FCRA claim fails as a matter of law. Accordingly, Equifax is entitled to dismissal of Mr. Choudhury's claim under § 1681i(a) of the FCRA.

**IV.     Mr. Choudhury's Claim Under § 1681i(b) of the FCRA Should Be Dismissed.**

Mr. Chouldhury's allegations lack sufficient factual content to state a plausible claim under § 1681i(b), which states that "If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute." (Doc. 1-2 at 9-10). He fails to allege any facts concerning when or how Equifax failed to comply with a request to post a dispute, when or how it failed to offer assistance to him to write a clear summary of his dispute, or when or how he was allegedly damaged by the alleged violation of this section. (*Id.*). Accordingly, his claim should be dismissed. *See Bogle v. Melamed*, No. 09 CV 1017 RJD LB, 2012 WL 1117411, at *2 (E.D.N.Y. Mar. 30, 2012); *Casella*, 56 F.3d at 474 (credit reporting agency need not include a statement of dispute in a consumer's report until the consumer provides one). Accordingly, Equifax is entitled to dismissal of Mr. Choudhury's claim under § 1681i(b) of the FCRA.

## **CONCLUSION**

Defendant Equifax respectfully requests that this Honorable Court grant judgment on the pleadings and dismiss Mr. Choudhury's Complaint pursuant to Rule 12(c) and for such other relief as the Court deems necessary.

Dated: July 6, 2018.

>	*/s/ Jonathan D. Klein*
> Jonathan D. Klein
> CLARK HILL PLC
> 830 Third Avenue
> Suite 200
> New York, NY 10022
> Tel. (646) 395-8580
>
> One Commerce Square
> 2005 Market Street, Suite 1000
> Philadelphia, Pennsylvania 19103
> Tel. (215) 640-8500
> Email: jklein@clarkhill.com
> *Counsel for Defendant Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 6th day of Julye, 2018 served a true and correct copy of the foregoing via U.S. Mail and email to the following counsel of record:

Subhan Tariq
The Tariq Law Firm, PLLC
68 Jay Street
Suite 201
Brooklyn, NY 11201
Email: subhan@tariqlaw.com
*Counsel for Plaintiff*

Barry Jay Glickman
Ronald M. Neumann
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, NY 10036
Email: Bglickman@zeklaw.com
Email: rneumann@zeklaw.com
*Counsel for Citibank N.A.*

Jeremy Michael Amar-Dolan
Jones Day
250 Vesey St.
New York, NY 10281
Email: jamardolan@jonesday.com
*Counsel for Experian Information Solutions, Inc.*

Camille Renee Nicodemus
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Email: cnicodemus@schuckitlaw.com
*Counsel for Trans Union, LLC*

                                                  */s/ Jonathan D. Klein*
                                                      Jonathan D. Klein