UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHABBIR CHOUDHURY,

        Plaintiffs,

v.

CITIBANK, N.A., et al.,

        Defendants.

---

Case no: 1:18-cv-02188-RJD-ST

 

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

 

Jonathan D. Klein
CLARK HILL PLC
830 Third Avenue
Suite 200
New York, NY 10022
Tel. (646) 395-8580

One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel. (215) 640-8500
Email: jklein@clarkhill.com
*Counsel for Defendant Equifax Information Services LLC*

## **TABLE OF CONTENTS**

**ARGUMENT** ..................................................................................................................................4

    **I.**    **Mr. Choudhury Has Voluntarily Dismissed His Claims Under §§ 1681g(c) and 1681i(b) of the FCRA.** ........................................................................................4

    **II.**    **Mr. Choudhury's Claim Under § 1681e(b) of the FCRA Should Be Dismissed.** ...........................................................................................................4

    **III.**    **Mr. Choudhury's Claim Under § 1681i(a) of the FCRA Should Be Dismissed.** ...........................................................................................................6

**CONCLUSION** ............................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).. (Id. at 3) ..................................................................................................7

*Cairns v. GMAC Mortgage Corp.*,
   No. CV 04–1840–PHX–SMM, 2007 WL 735564 (D. Ariz. Mar. 5, 2007) ..........................6, 7

*Carvalho v. Equifax Information Services, LLC*,
   629 F.3d 876 (9th Cir. 2010) ................................................................................................10

*Cortez v. Trans Union, LLC*,
   617 F.3d 688 (3d Cir. 2010)...........................................................................................7, 8, 9

*DeAndrade v. Trans Union, LLC*,
   523 F.3d 61 (1st Cir. 2008)..................................................................................................8, 10

*Elsady v. Rapid Global Bus. Solutions, Inc.*,
   No. CV 09–11659, 2010 WL 742852 (E.D. Mich. Feb. 26, 2010) ..........................................6

*Grigoryan v. Experian Info. Solutions, Inc.*,
   84 F. Supp. 3d 1044, 1970-71 (C.D. Cal. 2014) ......................................................................6

*Jones v. Experian*,
   982 F. Supp. 2d 268 (S.D.N.Y. 2013)......................................................................................7

*Saenz v. Trans Union LLC*,
   621 F. Supp. 2d 1074 (D. Or. 2007) ........................................................................................6

**Statutes**

15 U.S.C. § 1681e(b) ..............................................................................................................5, 6, 7

15 U.S.C. § 1681g(c)  ....................................................................................................................5

15 U.S.C. § 1681i(a) ........................................................................................................5, 6, 7, 10

15 U.S.C. § 1681i(b) ......................................................................................................................5

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its reply in further support of its Defendant Equifax Information Services LLC's Motion For Judgment on the Pleadings ("Motion") and in reply to Plaintiff Shabbir Choudhury's Memorandum In Opposition To Defendant's Motion For Judgment On The Pleadings ("Response"). For the reasons set forth below and in its opening memorandum, Equifax's Motion should be granted.

## ARGUMENT

**I.   Mr. Choudhury Has Voluntarily Dismissed His Claims Under §§ 1681g(c) and 1681i(b) of the FCRA.**

In his Response, Mr. Choudhury voluntarily dismisses his claim under 15 U.S.C. §§ 1681g(c) and 1681i(b). (Response at 2, 4, 7). Equifax's Motion should be granted as to these now-abandoned claims.

**II.   Mr. Choudhury's Claim Under § 1681e(b) of the FCRA Should Be Dismissed.**

In his Response, Mr. Choudhury acknowledges that he has the burden of pleading facts concerning the four essential elements of his § 1681e(b) clam:

> (1) Equifax was negligent in its failure to follow reasonable procedures to assure maximum possible accuracy of the reports it produced." (2) Equifax produced reports containing inaccurate information; (3) Mr. Choudhury was injured; and (4) Equifax's FCRA violations were the cause of Mr. Choudhury's injury.

(Response at 3). Mr. Choudhury makes two arguments in his Response concerning why he believes his Verified Complaint (Doc. 1-2) stated facts as to all four elements. (*Id.* at 3-4). Both arguments fail. (*Id.*).

*First*, in his Response, Mr. Choudhury argues that Equifax alleged violation of § 1681e(b) is predicated upon an alleged failure to conduct a reinvestigation pursuant to § 1681i(a):

> Here, Equifax had reason to doubt the reliability of the information provided by Citibank after being contacted in writing on two occasions by Mr. Choudhury.

4

> Equifax was informed of the settlement that previously occurred with Citibank and the agreement made regarding the removal of the negative trade line at issue.

(*Id.* at 3). Mr. Choudhury offers no analysis to support his argument that a violation of the duty to reinvestigate consumer disputes pursuant to § 1681i(a) can constitute a violation of the duty to maintain "reasonable procedures" to ensure the accuracy of credit reports pursuant to § 1681e(b). (*Id.*).

Moreover, Mr. Choudhury ignores cases to the contrary. In *Grigoryan v. Experian Info. Solutions, Inc.*, 84 F. Supp. 3d 1044, 1970-71 (C.D. Cal. 2014), the plaintiff argued that alleged inadequacies in the consumer reporting agency's ("CRA's") reinvestigation procedures under § 1681i(a) could form the basis for the plaintiff's claim under § 1681e(b). However, the court held that alleged inadequacies in a CRA's reinvestigation procedures under § 1681i cannot form the basis of a claim that the CRA violated § 1681e(b). *Id.* at 1071 (citing *Darrin v. Bank of Am., N.A.*, No. CV 12–00228 MCE, 2014 WL 1922819, *6 (E.D. Cal. May 14, 2014) ("[C]ompliance with § 1681e(b) and § 1681i are distinct inquiries, since § 1681e(b) allows for a credit reporting agency to rely on information received from a source that it reasonably believes to be reputable"). Similarly, in *Elsady v. Rapid Global Bus. Solutions, Inc.*, No. CV 09–11659, 2010 WL 742852, *5 (E.D. Mich. Feb. 26, 2010), the court stated, "While Elsady's subsequent dispute may have triggered a duty to reinvestigate under § 1681i, it is not relevant to CARCO's investigative procedures under § 1681e(b)." *See also Saenz v. Trans Union LLC*, 621 F. Supp. 2d 1074, 1081 (D. Or. 2007) ("Saenz further argues that the reasonableness of Trans Union's reinvestigations following Saenz' two disputes of the NCO balance is material to the Section 1681e(b) inquiry. Again, this court disagrees"); *Cairns v. GMAC Mortgage Corp.*, No. CV 04–1840–PHX–SMM, 2007 WL 735564, *5–6 (D. Ariz. Mar. 5, 2007) (noting the difference

5

between § 1681e(b) and § 1681i). Accordingly, the Court should grant Equifax's motion on Mr. Choudhury's claims under § 1681e(b) of the FCRA.

*Second*, in a failed attempt to fulfill his burden of pleading facts that Equifax produced reports containing inaccurate information, Mr. Choudhury merely reiterates his Verified Complaint, "Equifax has continued to report inaccurate information on Mr. Choudhury's credit report despite being informed of its inaccuracy." (*Id.* at 3-4). Such a statement is merely "a formulaic recitation of the elements of a cause of action," and it "will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (*Id*. at 3). In an apparent acknowledgement that he has failed to plead "that a particular third party was supplied with such a consumer report," he again argues that his § 1681e(b) claim is fulfilled by his § 1681i(a) claim. (*Id.* at 4). Specifically, he relies on *Jones v. Experian*, 982 F. Supp. 2d 268 (S.D.N.Y. 2013), to argue that he has Article III standing to assert claims for statutory and punitive damages. (*Id.*). The plaintiff in *Jones*, however, did not assert a § 1681e(b) claim. *Jones*, 982 F. Supp. 2d at 269. Moreover, the court held that the plaintiff had standing because the CRA failed to conduct a "reasonable reinvestigation" pursuant to 15 U.S.C. § 1681i(a)(1)(A). *Id.* at 272. Jones has no application to a § 1681e(b) claim, let alone a § 1681e(b) claim in which the plaintiff fails to allege facts that the CRA produced reports containing inaccurate information, an essential element of such a claim. Accordingly, the Court should grant Equifax's motion on Mr. Choudhury's claims under § 1681e(b) of the FCRA.

### III.     Mr. Choudhury's Claim Under § 1681i(a) of the FCRA Should Be Dismissed.

In his Response, Mr. Choudhury notes that courts have held that a consumer must demonstrate that the consumer reporting agency "would have discovered a discrepancy had it undertaken a reasonable investigation." (Response at 5 (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 713 (3d Cir. 2010)). In *Cortez*, the court held that the CRA did not conduct a

6

reasonable reinvestigation because the CRA failed to examine a government list to determine if the plaintiff was the same person named on the list. 617 F.3d at 713.

Similarly, in *DeAndrade v. Trans Union, LLC*, 523 F.3d 61, 68 (1st Cir. 2008), the court held that to determine whether a consumer has identified a factual inaccuracy on his or her credit report that would activate § 1681i's reinvestigation requirement, the decisive inquiry is whether the CRA could have uncovered the inaccuracy if it had reasonably reinvestigated the matter. Although Mr. Choudhury acknowledges this hold, he erroneously attempts to distinguish DeAndrade by stating, "In DeAndrade the court found in favor of the CRA because the debt at issue was not inaccurate, whereas here it clearly is." (Response at 5). Mr. Choudhury misses and misstates the holding of *DeAndrade* completely. Rather than holding that the debt was not inaccurate, the court held that the CRA could not have uncovered an inaccuracy:

> To determine whether a consumer has identified a factual inaccuracy on his or her credit report that would activate § 1681i's reinvestigation requirement, "[t]he decisive inquiry" is whether the defendant credit bureau could have uncovered the inaccuracy "if it had reasonably reinvestigated the matter." *Cushman,* 115 F.3d at 226 (citations omitted). ***The KeyBank debt reported by Trans Union does not fall under this rubric.*** Here, there is no dispute that DeAndrade received windows financed by a mortgage on his home; what DeAndrade is attacking is the mortgage's validity. ***Whether the mortgage is valid turns on questions that can only be resolved by a court of law, such as whether DeAndrade ratified the loan. This is not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency such as Trans Union is neither qualified nor obligated to resolve under the FCRA.*** *See Cahlin,* 936 F.2d at 1160 ("No reasonable reinvestigation on the part [of the credit agency] could have uncovered an inaccuracy in Cahlin's report because there was never any factual deficiency in the report.").

523 F.3d at 68 (emphasis added).

> The information reported by Trans Union was accurate not because DeAndrade had ratified the loan (although that may also be true), but because it did not state any factual deficiency that could have been resolved by a reasonable reinvestigation conducted by the credit bureau.

*Id.*

7

Here, Mr. Choudhury's § 1681i claim fails because Equifax is not required to determine the merits of Mr. Choudhury's claims against Citibank, particularly concerning whether Citibank could report the Citibank Account at issue. The legal relationship between Mr. Choudhury and Citibank is governed solely by the agreement between them, and the terms of that agreement appear to be in doubt. (Doc. 1-2 ¶¶ 12, 16, 30). Specifically, Mr. Choudhury claims that as a result of the settlement of his 2016 lawsuit against Citibank, the Citibank account was supposed to be removed from his credit files. However, Mr. Choudhury makes the following allegation regarding the account:

> Regardless of whether the settlement agreement between Plaintiff and Defendant Citibank included explicit language regarding Citibank informing the credit reporting agencies of the trade line deletion and/or removal, clearly Plaintiff stipulated to this deletion and/or removal in order for it not to negatively impact his credit rating; furthermore, not only did Citibank not inform the Defendant CRAs of the expunging, but they even more egregiously provided inaccurate information about said trade line to the CRAs when they contacted Citibank during the investigations.

(*Id.* ¶ 30). The Verified Complaint, therefore, contains an admission that there was no "explicit" agreement between Mr. Choudhury and Citibank to remove the accounts and that Citibank did not instruct the CRAs to remove and/or delete the negative trade line. Moreover, Mr. Choudhury alleges that Citibank breached the settlement "by failing to request or even confirm the deletion of the relevant trade line" with the CRAs. (*Id.* ¶ 24). Here, unlike *Cortez*, there was no third-party source of information that Equifax could examine to determine whether the Citibank tradeline was accurate. Indeed, as Mr. Choudhury admits, even his settlement agreement with Citibank fails to state whether the Citibank tradeline should be reported. (*Id.* ¶ 30). Instead, Mr. Choudhury attempts to collaterally attack the settlement agreement to force Equifax to report the Citibank tradeline as Mr. Choudhury wishes, rather than what the settlement agreement explicitly states, or fails to explicitly state. Moreover, he seeks to hold Equifax liable for damages for Equifax's alleged failure to divine the intent of the parties to the settlement agreement. Federal

courts consistently hold that the FCRA does not impose a duty on CRAs to resolve such disputes between creditors and consumers when conducting reinvestigations. *DeAndrade v. Trans Union, LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008); *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 881, 890-91 (9th Cir. 2010) ("CRAs are not required to deem consumers "innocent until proven guilty by a proper reinvestigation under the FCRA. . . [CRAs] are not tribunals. . . . Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims.") Accordingly, Equifax is entitled to dismissal of Mr. Choudhury's claim under § 1681i(a) of the FCRA.

## CONCLUSION

For the reasons set forth above and in its original Memorandum, Equifax requests that its motion be granted.

Dated: July 23, 2018.

        */s/ Jonathan D. Klein*
        Jonathan D. Klein
        CLARK HILL PLC
        830 Third Avenue
        Suite 200
        New York, NY 10022
        Tel. (646) 395-8580

        One Commerce Square
        2005 Market Street, Suite 1000
        Philadelphia, Pennsylvania 19103
        Tel. (215) 640-8500
        Email: jklein@clarkhill.com
        *Counsel for Defendant Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 23rd day of Julye, 2018 served a true and correct copy of

the foregoing via U.S. Mail and email to the following counsel of record:

Subhan Tariq
The Tariq Law Firm, PLLC
68 Jay Street
Suite 201
Brooklyn, NY 11201
Email: subhan@tariqlaw.com
*Counsel for Plaintiff*

Barry Jay Glickman
Ronald M. Neumann
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, NY 10036
Email: Bglickman@zeklaw.com
Email: rneumann@zeklaw.com
*Counsel for Citibank N.A.*

Jeremy Michael Amar-Dolan
Jones Day
250 Vesey St.
New York, NY 10281
Email: jamardolan@jonesday.com
*Counsel for Experian Information Solutions, Inc.*

Camille Renee Nicodemus
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Email: cnicodemus@schuckitlaw.com
*Counsel for Trans Union, LLC*

                                              */s/ Jonathan D. Klein*
                                                 Jonathan D. Klein