UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SHABBIR CHOUDHURY,

                Plaintiff,

v.

CITIBANK, N.A., et. al.,

                Defendants
_____

Case no: 1:18-cv-02188-RJD-ST

**PLAINTIFF SHABBIR CHOUDHURY'S MEMORADUM
IN OPPOSITION TO DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

Subhan Tariq
68 Jay Street – Suite 201
Brooklyn Heights, NY 11201
Tel. (718) 674-1245
Email Subhan@tariqlaw.com
*Counsel for Plaintiff Shabbir Choudhury*

i

# TABLE OF CONTENTS

**INTRODUCTION**................................................................................................................ 1

**STANDARD OF REVIEW** ................................................................................................. 2

**ARGUMENT** ...................................................................................................................... 3

    **I.**      **Plaintiff Has Successfully Stated a Claim Under § 1681e(b) of the FCRA**................ 3

    **II.**     **Plaintiff's Claim Under § 1681g(c) is Voluntarily Dismissed**.................................. 4

    **III.**    **Plaintiff Has Successfully Stated a Claim Under § 1681i(a) of the FCRA**................ 4

    **IV.**    **Plaintiff's Claim Under § 1681i(b) is Voluntarily Dismissed** .................................. 7

**CONCLUSION** ................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662, (2009) ........................................................................ 5

*Carvalho v. Equifax Information Services, LLC*,
   629 F.3d 876 (9th Cir. 2010) ........................................................... 10

*Casalla v. Equifax Credit Info. Servs.*,
   56 F.3d 469, (2d Cir. 1995) ............................................................. 7

*DeAndrade v. Trans Union, LLC*,
523 F.3d 61 (1st Cir. 2008) ................................................................ 9

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009) .............................................................. 6

*Henson v. CSC Credit Services, et. al.*,
   29 F. 3d 280 (7th Cir. 1994) ........................................................ 9, 10

*Jones v. Experian*,
   982 F. Supp. 2d 269 (S.D.N.Y. 2013) .......................................... 8, 9, 10

*Lazarre v. JPMorgan Chase Bank, N.A.*,
   780 F. Supp. 2d 1330 (S.D. Fla. 2011) ............................................. 8

*Philbin v. Trans Union Corp.*,
   101 F.3d 957, (3d Cir. 1996) ........................................................... 9

*Shannon v. Equifax Information Services, LLC*,
   764 F. Supp. 2d 714, (E.D. Pa. 2014). ............................................. 9

*Whelan v. Trans Union Credit Reporting Agency*,
   862 F. Supp. 824 (E.D.N.Y. 1994) .................................................. 7

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ....................................... *passim*

15 U.S.C. § 1681e(b) ....................................................... 5, 6, 7, 11

15 U.S.C. § 1681g(c) ................................................................................................ 6, 8

15 U.S.C. § 1681i(a) ........................................................................................ 5, 6, 8, 11

15 U.S.C. § 1681i(b) ............................................................................................. 6, 11

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 5

## **INTRODUCTION**

Plaintiff Shabbir Choudhury filed a Verified Complaint (the "Complaint") (Doc. 1-3) against Defendant Equifax Information Services LLC (hereafter "Equifax") alleging several violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et. seq.* on April 3, 2018. On July 6, 2018 Defendant Equifax filed a Motion for Judgment on the Pleadings alleging that Mr. Choudhury has failed to state a claim upon which relief can be granted.

Defendant Equifax's motion should not be granted, as Mr. Choudhury has successfully stated a claim under the FCRA. Defendant Equifax has negligently and willfully violated § 1681e(b) by failing to follow reasonable procedures to ensure the maximum possible accuracy of the reports it produced, causing injury to Plaintiff. Defendant Equifax has also willfully violated § 1681i(a) by failing to conduct a reasonable reinvestigation of Plaintiff's credit information upon being informed of its inaccuracy.

Defendant Equifax claims that Mr. Choudhury had never entered into an "explicit agreement" with Citibank to remove negative information from his credit files upon their settlement of a previous case. However, the parties had settled with the agreement that the trade line at issue would be removed from Mr. Choudhury's account. Defendant cites to the Complaint ¶ 30, which states:

> Regardless of whether the settlement agreement between Plaintiff and defendant Citibank included explicit language regarding Citibank informing the credit reporting agencies of the trade line deletion and/or removal, clearly Plaintiff stipulated to this deletion and/or removal in order for it not to negatively impact his credit rating.

(Doc. 1-3 ¶ 30). However, Defendant neglects to mention that the Complaint clearly states that there was an explicit agreement between him and Citibank to remove the negative trade line at

issue. The legal relationship between Plaintiff and Citibank was explicit and was addressed in the Complaint. (Doc. 1-3 ¶ 28). Defendant was also notified of this explicit agreement.

Additionally, Defendant Equifax had reason to doubt the reliability of the credit information supplied by Citibank upon being contacted in writing on two separate occasions by Mr. Choudhury regarding the inaccuracy of the same. By continuing to report inaccurate credit information and failing to ensure maximum possible accuracy, Defendant Equifax has clearly violated § 1681e(b). Upon being notified by Mr. Choudhury that the credit information being reported was inaccurate, Defendant Equifax failed to conduct a proper reinvestigation into his account. Instead of carrying out such an investigation, Defendant relied on the inaccurate information it received from Citibank. This action is in violation of § 1681i(a).

The claim that Defendant Equifax failed to display a summary of consumers' rights on its website was made in error. Upon reexamination, it is clear that § 1681g(c)(I)(C)(ii) does not create an obligation upon consumer reporting agencies to display such information. Similarly, the claim that Defendant Equifax failed to provide the plaintiff with assistance in writing a clear dispute summary was also made in error. This is not an obligation of consumer reporting agencies under § 1681i(b).

### STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Second Circuit takes to be true the factual allegations made in a complaint and draws all reasonable inferences in the plaintiff's favor. *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009).

A court must accept the factual allegations of complaint as true; however "threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I.      Plaintiff Has Successfully Stated a Claim Under § 1681e(b) of the FCRA

Contrary to the allegations set forth by Equifax, Plaintiff has successfully provided adequate evidence to prevail on a claim under § 1681e(b). He has shown that (1) Equifax was negligent in its failure to follow reasonable procedures to assure maximum possible accuracy of the reports it produced; (2) Equifax produced reports containing inaccurate information; (3) Mr. Choudhury was injured; and (4) Equifax's FCRA violations were the cause of Mr. Choudhury's injury. *See*, *e.g., Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994).

The Second Circuit has held that a CRA acts reasonably by relying on information of a reputable source when there is no reason to doubt such reliability of that source. *Casalla v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995). Here, Equifax had reason to doubt the reliability of the information provided by Citibank after being contacted in writing on two occasions by Mr. Choudhury. Equifax was informed of the settlement that previously occurred with Citibank and the agreement made regarding the removal of the negative trade line at issue.

Equifax claims that Plaintiff does not allege that Citibank was not a reliable source. However, in his letters written to Equifax he informs the CRA that Citibank had failed to comply with a previous settlement agreement which involved removing the negative trade line at issue from his account. This is sufficient cause for Equifax to have doubted the reliability of information which Citibank provided them.

Secondly, Equifax alleges that Mr. Choudhury has failed to plead that a consumer report

3

was supplied to an identifiable third party for the purpose of establishing his eligibility for credit, employment, insurance, or other purposes. However, Equifax has continued to report inaccurate information on Mr. Choudhury's credit report despite being informed of its inaccuracy. Additionally, even without evidence that a particular third party was supplied with such a consumer report, failing to take reasonable measures to assure the accuracy of such credit information creates constitutes an injury in fact. *See Jones v. Experian*, 982 F. Supp. 2d 269 (S.D.N.Y. 2013) (Holding that a statutory FCRA violation entitled the plaintiff to statutory and punitive damages to redress her injury).

## II.    Plaintiff's Claim Under § 1681g(c) is Voluntarily Dismissed

Under § 1681g(c) the consumer reporting agency is not obligated to provide a summary of consumer's rights on its website. This responsibility belongs to the Bureau of Consumer Financial Protection. The claim that Defendant Equifax had failed to provide such a summary was made in error, and as such is voluntarily dismissed.

## III.   Plaintiff Has Successfully Stated a Claim Under § 1681i(a) of the FCRA

Mr. Choudhury has successfully provided all necessary evidence to prevail on a claim under 1681i(a). He has proven that (1) his credit file contained inaccurate information; (2) he disputed the inaccurate information with Equifax; (3) Equifax failed to conduct a reasonable reinvestigation; (4) he incurred damages; and (5) the damages were caused by the alleged FCRA violation. *See, e.g., Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011). Equifax alleges that a reasonable reinvestigation was conducted upon receiving notice that the information on Mr. Choudhury's credit report was inaccurate. They refer to federal court case law in which it was held that a consumer reporting agency was not under an

obligation to verify the validity of an underlying debt when conducting reinvestigations. However, the present dispute is distinguishable from their relied upon precedent.

The First Circuit has held that a consumer reporting agency does not have a duty to verify the validity of an underlying debt when the inaccuracy of the reported information could not have been uncovered by a reasonable reinvestigation. *DeAndrade v. Trans Union, LLC*, 523 F.3d 61, 68 (1st Cir. 2008). There, the plaintiff had ratified the debt in question, unlike here where Mr. Choudhury explained the circumstances of his previous settlement with Citibank to Equifax on two separate occasions. In *DeAndrade* the court found in favor of the CRA because the debt at issue was not inaccurate, whereas here it clearly is. *Id*. at 66.

While the Second Circuit has not explicitly stated what qualifies as a reasonable reinvestigation, it has relied on the holdings of other courts. *Jones*, 982 F. Supp. 2d 273 (S.D.N.Y. 2013). For example, the Third Circuit has held that "reasonable procedures are those that a reasonably prudent person would undertake under the circumstances." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). They have also reasoned that what constitutes a reasonable reinvestigation depends on the circumstances of each particular dispute. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010). In *Cortez* the court held that the consumer would prevail if he is able to demonstrate that the consumer reporting agency "would have discovered a discrepancy had it undertaken a reasonable investigation." *Id.* at 713. Similarly, at least one court has reasoned that when a CRA does not present evidence regarding the reasonableness of their reinvestigation procedures, a question of material fact exists which must be decided by a jury. *Shannon v. Equifax Information Services, LLC*, 764 F. Supp. 2d 714, 723 (E.D. Pa. 2014).

The Seventh Circuit has also held that there are several factors which determine whether

a reasonable reinvestigation requires that the CRA has a duty to go beyond the information provided by the original source of the debt. *Henson v. CSC Credit Services, et. al.*, 29 F. 3d 280, 287 (7th Cir. 1994). The *Henson* court held that whether a CRA has a duty to go beyond the original source of the debt will depend on whether the consumer has alerted the CRA of the inaccuracy, the possibility of the source being unreliable, and the cost of verifying the accuracy of the source versus the potential harm to the consumer of reporting inaccurate information. *Id*. Here, Equifax was given notice by Mr. Choudhury that the information provided by Citibank was inaccurate, giving them reason to believe that the source was unreliable. Additionally, the cost of carrying out a reasonable reinvestigation regarding the debt would have been minimal in comparison to the injury suffered by Mr. Choudhury due to Equifax's inaccurate reporting.

Equifax also relies on a Ninth Circuit finding that credit reporting agencies cannot be used to "mount collateral attacks on the legal validity of their debt in the guise of FCRA reinvestigation claims." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 891.(9th Cir. 2010). Equifax claims that they are not responsible for a legal dispute between Mr. Choudhury and Citibank regarding the validity of the debt at issue. However, the validity of the debt is not in dispute here. Rather, Equifax failed to pursue a reasonable reinvestigation into the accuracy of information on Mr. Choudhury's credit report after being notified that such information was unreliable. This is not a collateral attack on Citibank, but a direct attack on Equifax and other Defendant CRAs for failing to conduct reasonable reinvestigations as required under the FCRA. Lastly, Equifax alleges that Mr. Choudhury has not incurred damages caused by its FCRA violations. However, in *Jones*, the court held that a statutory violation created an injury in fact for the plaintiff because she was deprived of her statutory right of a reasonable reinvestigation by the CRA into the accuracy of her credit information. *Jones*, 982 F. Supp. 2d at

272 (S.D.N.Y. 2013). Mr. Choudhury has also suffered injury in fact caused by the failure of Equifax to reasonably reinvestigate the information on his credit report, making him entitled to receive damages.

**IV.     Plaintiff's Claim Under § 1681i(b) is Voluntarily Dismissed**

Under § 1681i(b) a consumer reporting agency is not obligated to provide consumers with assistance in writing a clear dispute summary. This claim against Defendant Equifax was made in error and therefore is voluntarily dismissed.

<u>**CONCLUSION**</u>

Mr. Choudhury has successfully shown that Defendant Equifax has violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* in failing to take reasonable steps to ensure the maximum possible accuracy of its credit reporting. Defendant Equifax was made aware of the fact that its credit report contained inaccurate information, giving cause to doubt the reliability of the credit furnisher, Citibank N.A. Nevertheless, Defendant Equifax neglected to conduct a reinvestigation into Mr. Choudhury's credit information, which would have revealed the inaccuracy at issue here.

Mr. Choudhury has proven all the necessary elements to succeed on a claim pursuant to § 1681e(b) because Defendant Equifax did not act to ensure maximum possible accuracy of its reporting. Additionally, all the elements to succeed on a claim pursuant to § 1681i(a) have been satisfied because Defendant Equifax did not conduct a reinvestigation of the credit information it supplied after being notified of inaccuracies. Furthermore, Defendant's motion should be denied.

## **CERTIFICATE OF SERVICE**

This is to certify that I have, on this 16th Day of July 2018, served a true and correct copy

of the foregoing via U.S. Mail and email to the following counsel of record:

Jonathan Daniel Klein
Clark Hill PLC
One Commerce Square
2005 Market St, Suite 1000
Philadelphia, PA 19103
***Counsel for Equifax***

Barry Jay Glickman
Ronald M. Neumann
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, NY 10036
Email: bglickman@zeklaw.com
Email: rneumann@zeklaw.com
***Counsel for Citibank N.A.***

Jeremy Michael Amar-Dolan
Jones Day
250 Vesey St.
New York, NY 10281
Email: jamardolan@jonesday.com
***Counsel for Experian Information Solutions, Inc.***

Camille Renee Nicodemus
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Email: cnicodemus@schuckitlaw.com
***Counsel for Trans Union, LLC***

/s/ Subhan Tariq
Subhan Tariq